United States District Court
Southern District of Texas
**ENTERED**
June 10, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIKA JUDITH MARTINEZ ORTEGA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-2894 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Erika Judith Martinez Ortega ("Petitioner"), a citizen of Mexico, entered the United States without inspection on December 15, 2000.[1]  On August 4, 2025, Petitioner was taken into immigration custody by Immigration and Customs Enforcement ("ICE").[2]  That same day, ICE issued Petitioner a Notice to Appear, charging her with inadmissibility pursuant to 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I).[3]

---

[1]Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 13, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id.

[3]Id.

On December 3, 2025, an immigration judge issued an order regarding Petitioner's removal proceedings.[4]  In his order, the immigration judge explained that Petitioner "is an exceptionally strong candidate for adjustment of status" because (1) "she has been paroled into the United States by the Department [of Homeland Security] for the specific purpose of giving her eligibility for adjustment of status," (2) "[t]he visa petition filed by her U.S. citizen daughter is an immediate relative petition with no waiting period," and (3) she "is an extremely strong candidate for a positive exercise of discretion, given her longstanding residence in the United States for two and half decades, and her significant family ties (including to 6 U.S. citizen children, one who served in the U.S. military)."[5]  Based on these circumstances, the immigration judge found that Petitioner is "prima facie eligible for an immediate relative visa and adjustment of status" and thus terminated her removal proceedings.[6]  On January 2, 2026, Respondents appealed the immigration judge's decision to terminate

---

[4] Id.

[5] Order of the Immigration Judge, Exhibit 2 to Respondents' MSJ, Docket Entry No. 13-2, p. 3. "An alien is eligible for adjust of status if she establishes that: (1) she has been inspected and admitted or paroled into the United States, (2) she is eligible to receive an immigrant visa and has a visa immediately available to her, (3) she is not statutorily barred, (4) she is admissible to the United States under Section 212(a) of the Immigration and Nationality Act, or if inadmissible, is eligible for a waiver of inadmissibility, and (5) she is worthy of a favorable exercise of discretion." Id.

[6] Id.

Petitioner's removal proceedings to the Board of Immigration Appeals.[7] Petitioner has remained in immigration custody while Respondents' appeal is pending.[8]

Pending before the court is Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1). Petitioner argues that her detention without a bond hearing violates due process.[9] Based on the well reasoned opinion of the immigration judge, the court finds that it is likely that Petitioner will not be removed. Petitioner remains in custody because Respondents appealed the decision of the immigration judge. Under the facts of this case the court concludes that Petitioner should be afforded a bond hearing.

For the reasons explained above, Petitioner's Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is **GRANTED**. Respondents are **ORDERED** to release Petitioner or to provide her a bond hearing by June 22, 2026. Respondents are further **ORDERED** to file a status report with the court by June 29, 2026.

**SIGNED** at Houston, Texas, on this the 10th day of June, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[7]Respondents' MSJ, Docket Entry No. 13, p. 2.

[8]Id.

[9]Petition for Writ of Habeas Corpus, Docket Entry No. 1, p. 5.